UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOSEPH BERRY,

                Petitioner,

         -against-                     **MEMORANDUM AND ORDER**

ROBERT K. WOODS, Superintendent,        06-CV-4849 (NGG) (JMA)
Upstate Correctional Facility

                Respondent.
------------------------------------------------------X
GARAUFIS, United States District Judge:

*Pro se* petitioner Joseph Berry ("Petitioner" or "Berry") brings this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is currently incarcerated in Clinton Correctional Facility located in Dannemora, New York. Williams challenges his convictions rendered in New York Supreme Court, Queens County for Robbery in the Second Degree, Robbery in the Third Degree, and Grand Larceny in the Fourth Degree. Presently before the court is Petitioner's motion to strike Respondent's Answer as untimely. For the reasons that follow, Petitioner's motion is DENIED.

I. **Background**

On September 18, 2006, the court issued an Order to Show Cause ordering the Attorney General of the State of New York or the District Attorney of Queens County ("Respondent") to show cause why a writ of habeas corpus should not be issued within thirty days of the receipt of the Order. (Docket Entry #3.) By letter dated October 4, 2006, Queens County Assistant District Attorney Ushir Pandit, on behalf of Respondent, requested a thirty-day extension to November 8, 2006 to respond to Berry's Petition. (Docket Entry # 5.) Petitioner wrote on October 12, 2006 to say that he did not oppose Respondent's request for an extension. (Docket Entry #6.) On

November 6, 2006, Respondent wrote to the court to request an additional extension to November 18, 2006 (Docket Entry #8), the date on which Respondent did indeed file its Answer (Docket Entry #9.) The Court granted Respondent's October 4, 2006 request for additional time (Docket Entry #7) but did not rule on Respondent's November 6, 2006 request. By letter filed on November 16, 2006, Petitioner objected to the Respondent's Answer as untimely and asked me to rule on his petition without considering Respondent's Answer. (Docket Entry #12.)

**II.     Analysis**

In effect, Petitioner's request boils down to a question of remedy: either consider the merits of his petition without the benefit of Respondent's already filed Answer or grant a default judgment. I decline to do either.

In terms of disregarding the state's response, that can serve no conceivable purpose. Petitioner is technically correct that if Respondent wanted an extension of time, it should have set out reasons detailing good cause for such an extension under Fed. R. Civ. P. 16(b). However, to the extent that Petitioner is asking the court to ignore Respondent's arguments contained in the Answer, Petitioner's motion is denied because the court benefits from hearing both sides and ruling on the merits. See Andrews v. Kelly, No. 86 Civ. 0908, 1987 WL 16157, at *2-3 (S.D.N.Y. Aug. 11, 1987) (noting that it is well within the discretion of a federal district court to disregard a delay in answering a habeas corpus petition); Clutchette v. Rushen, 770 F.2d 1469 (9th Cir. 1985), cert. denied 475 U.S. 1088 (1986); Frick v. Quinlin, 631 F.2d 37, 40 (5th Cir. 1980).

To the extent that Petitioner is in effect asking for a default judgment, that too cannot serve as a basis to strike the Answer. The Second Circuit made it clear in Bermudez v. Reid, 733 F.2d 18 (2d Cir. 1984), that default judgment should not be granted for a habeas petitioner

2

without a court first reaching the merits of the underlying claim. In <u>Bermudez</u>, the Court issued an order to show cause, and the District Attorney's Office waited four months before filing an answer to the petition for a writ of habeas corpus. "Although, in civil cases, a party's failure to respond justifies the entry of judgment against the defaulting party, default in responding to a habeas petition presents a different situation." <u>Jackson v. Kuhlman</u>, 94-CV-5934, 1996 WL 1088202, *1 (E.D.N.Y. Oct. 8, 1996) (citation omitted). The <u>Bermudez</u> Court stated that:

> [W]ere district courts to enter default judgments without reaching the merits of the [habeas petition], it would be not the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them. In this respect, default judgment in habeas proceedings differs from default in other civil cases.

733 F.2d at 21. The Court likened the prohibition of granting procedural default in habeas cases to the prohibition of granting default against the government in a civil claim against the United States. <u>See</u> 1996 WL 1088202, *1 (<u>citing</u> Fed. R. Civ. P. 55(e)). "Granting a default judgment in such cases amounts to giving a plaintiff a 'windfall' at the public expense." <u>Jackson</u>, 1996 WL 1088202, *1 (<u>citing</u> <u>Bermudez</u>, 773 F.2d at 21); <u>see also</u> <u>Campbell v. Eastland</u>, 307 F.2d 478, 491 (5th Cir. 1962), <u>cert. denied</u>, 371 U.S. 955 (1963) (holding that Fed. R. Civ. P. 55(e) "rests on the rationale that the taxpayers at large should not be subjected to the cost of a judgment entered as a penalty against a government official which comes as a windfall to the individual litigant").

### III. Conclusion

For the reasons set forth above, the court will consider the submission made by Respondent in opposition to Petitioner's habeas corpus application to be timely filed. Petitioner's motion to strike Respondent's Answer is accordingly DENIED.

SO ORDERED.

Dated: Brooklyn, New York
July __, 2007

/signed/

/NICHOLAS G. GARAUFIS
United States District Judge