UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSEPH BERRY,

                    Petitioner,

          -against-                             **MEMORANDUM AND ORDER**

ROBERT K. WOODS, Superintendent,            06-CV-4849 (NGG) (JMA)
Upstate Correctional Facility

                    Respondent.
-----------------------------------------------------------X
GARAUFIS, United States District Judge:

*Pro se* petitioner Joseph Berry ("Petitioner" or "Berry") brings this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is currently incarcerated in Clinton Correctional Facility located in Dannemora, New York. Williams challenges his convictions rendered in New York Supreme Court, Queens County for Robbery in the Second Degree, Robbery in the Third Degree, and Grand Larceny in the Fourth Degree. By Memorandum & Order ("M&O") dated July 6, 2007, I denied Petitioner's motion to strike Respondent's Answer as untimely. By letter dated July 19, 2007, Petitioner filed objections to that July 6, 2006 M&O.

Petitioner first argues that the court "abused it[]s discretion in relying upon inaccurate and/or fabricated 'background facts'" in the July 6, 2007 M&O. He next argues that the court abused its discretion, evidently because the court did not either grant or dismiss his underlying habeas corpus petition. My July 6, 2007 M&O addressed the sole issue of whether Respondent's Answer was untimely. I found that it was not.

Although it is not specifically drafted as such, I will treat Petitioner's letter as a motion for reconsideration under Rule 60(b)(1), allowing relief from a final judgment where the judgment was the result of "mistake, inadvertence, surprise or excusable neglect," and Rule

60(b)(6), which permits reconsideration for "any other reason justifying relief from the operation of the judgment." See Rule 60(b)(1), (6). A motion under Rule 60(b) "cannot serve as an attempt to relitigate the merits" of a prior decision. Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989). Motions for reconsideration of a final judgment are "generally not favored," and are "properly granted only upon a showing of exceptional circumstances." Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)). The burden of proof is on the party seeking relief from the judgment. Id.

I find that Petitioner has failed to satisfy his burden to show that any of the background facts outlined in my July 6, 2007 M&O were either inaccurate or fabricated or that the court abused its discretion in not issuing a dispositive ruling on his underlying habeas petition. For theses reasons, Petitioner's motion for reconsideration is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
July 3o, 2007

/signed/
_____
NICHOLAS G. GARAUFIS
United States District Judge